BrOMWELL, J.
The above two causes of action are among substantially the same parties and seek the same result, viz., the partition of a certain piece of real estate formerly belonging to John Foddy, deceased. The first of these actions was commenced February 11, 1903; the second June 16, 1908.
The parties in these two proceedings are the same with the following exceptions:
First. Walter Foddy, defendant in No. 125558, is plaintiff in 140150.
Second. Frank Foddy, plaintiff in 125558, was dead at the time of filing No. 140150 and his children are made parties defendant in that ease.
*77 Third. By an order of revivor the children of said Frank Foddy and their mother, as guardian, were made parties plaintiff in 125558.
Fourth. Mattie M. Foddy, wife of Frank Foddy, appears as defendant in 125558; Mattie Emma Foddy as defendant in 140150.
The rule of pending actions would apply in this case unless the first one, viz., No. 125558, has abated by failure to properly revive after the death of Frank Foddy.
The service upon the parties in the first case was: “1903, February 17. Stella M. Foddy, personally and as executrix.” And on December 9, 1904, Mrs. W. H. Miller, William H. Miller, C. O. Hastings, Anna Hastings (Anna B. Hastings in the caption), Lida B. Foddy, guardian for Walter Foddy (Lida Foddy in caption). Mrs. F. H. Hugenberg, and F. PI. Plugenberg all entered their appearances by signing the entry in the following form: “We hereby enter our appearance in the above case. ’ ’
While there was a defect in the intended entry of appearance of Lida B. Foddy, as guardian of Walter B. Foddy, we think this defect was subsequently cured by the amended cross-petition filed by her April 29, 1907.
The discrepancy between the names Mattie * Foddy, as it appears in the caption, and Martha Emma Foddy, may be corrected by amendment, the latter name being no doubt the correct one, although she.signs her answer as Martha Foddy without any middle initial.
While the entry of appearance of a number of the defendants above named does not conform to rule 11 of this court, which requires proof of signature, and, if this defect had been objected to at the time of the entry they would no doubt have been stricken from the files, in view of the time that has since elapsed this defect may be deemed waived by the other parties to the action.
Answers have been filed by Mrs. F. H. Hugenberg, Mrs. Anna Hastings, Mrs. W. H. Miller, Lida B. Foddy, Stella May Foddy, personally and as executrix, Lida B. Foddy, as guardian of Walter Foddy, Martha Emma Foddy, Anna Foddy.
*78 On April 29, 1907, Lida B. Foddy, as guardian of Walter Foddy, an imbecile, filed an amended answer and cross-petition. On January 21,- Í910, Stella May Foddy filed a second supplemental cross-petition.
On the same day a guardian ad Mem for minor defendants, or rather minor plaintiffs, being the children of Frank Foddy, deceased, was appointed and filed answers on their behalf, on January 22, 1910. On January'24, 1910, a second order of revivor was entered. And on January 2, 1905, Frank Foddy, the plaintiff, died.
On October 26, 1906 (being a year and almost ten months after the death of said Frank Foddy), a motion for a conditional order of revivor was filed by Stella May Foddy, substituting the widow and six children (all minors but one), of Frank Foddy as plaintiffs.
October 30, 1906, a supplemental cross-petition was filed by Stella May Foddy, asking for a revivor and making the same substituted parties as in her motion of October 26, 1906, parties plaintiff. On the same day affidavit for publication was filed to secure service on said new parties, and December 11, 1906, proof of publication by mailing copies was filed and on the same day approved.
April 29, 1907, an order of revivor was allowed substituting as plaintiffs the widow and children of Frank Foddy; deceased.
As this order was made after the limitation of one year after the death of said Frank Foddy had elapsed, we are bound to assume that Judge O’Connell, who endorsed the entry with full knowledge of all the facts, was satisfied as to his right to do so under the decision in the case of Barr v. Chapman, 11 C. C., 196, and therefore the question of laches in filing said order, or of proper service of new parties thereunder, is not now before us.
April 29, 1907, Lida B. Foddy, as guardian of the estate of Walter Foddy, an imbecile, entered her appearance and filed, on his behalf, an amended answer and cross-petition.
Further proceedings necessary in partition cases were then had up to and including the return on an order of sale, which return showed that the property had been sold to one Malvina *79 Boggs. Said purchaser having refused to complete the transaction, because of alleged defects in the proceedings in this case, the court. (Judge Woodmansee), on an application to hold said purchaser in contempt for said refusal, and upon a motion of said Boggs to set aside said sale because of such defects, found among other things, as shown by the entry of July 6, 1909:
“First. There was no sufficient appearance for Walter Foddy in said action; and
“Second. That the proceedings of revivor of the action in the name of the successors in interest of Frank Foddy were invalid because no guardian ad litem, was appointed for the minor heirs of said Frank Foddy in said proceedings. ’ ’
■ As a result of these conclusions it was ordered that the sale • be set aside.
The proceedings growing out of the appointment of a receiver to collect rents, are not material to the matter now under consideration and will not be referred to further.
To remedy the second defect referred to by Judge Woodmansee application was made January 27, 1910, for the appointment of Timothy L. Bouscaren, as guardian ad litem of said minor heirs, being defendants under the supplemental cross-petition of October 30, 1906, and said appointment was made and accepted. January 21, 1910, a second supplemental cross-petition was filed by Stella May Foddy, making parties of Albert Owens, who had married Anna Rose Foddy, and Chas. PI. Wiltsie, who claims a lien for taxes paid by him on said real estate. On January 22, 1910, the guardian ad litem filed an'swer for the various minor defendants.
It would seem that these subsequent proceedings corrected whatever error or defect existed at the time Judge Woodmansee’s second-finding was made.
As to the first criticism in his finding, viz., that thére was no sufficient appearance for Walter Foddy (the imbecile) in said action, it would seem that inasmuch as Section 5000, Revised Statutes, provides that, “The defense of an insane person must be by his legally appointed guardian” * * *; and as Section 5772 (relating to partition proceedings), provides that *80 “the guardian of a minor, idiot, imbecile, or insane person may, on behalf of his ward, do amid perform my act,, matter or tliing'KQspecting the partition of an estate which such minor, idiot, imbecile or insane person could do under this chapter if he were of age and of sound mind, ’ ’ the amended answer and cross-petition of Lida B. Foddy, filed May 1, 1907, was a legal and sufficient entry on behalf of said Walter Foddy.
So far, therefore, as these proceedings show all legal requirements have now been complied with and the action has reached the point where an order of sale may properly issue.
When this court has acquired jurisdiction as to some of the parties, even if not as to all, and has jurisdiction of the subject-matter, the action becomes pending. Where only a portion of the defendants have originally been served and subsequent summons becomes necessary to bring in the remaining unserved parties, the action will, as a rule, still have precedence over an action commenced in the same court at a later date on the same cause of action, involving the same parties and where the relief sought is the same. As either of these two cases is now in a situation to authorize the sale of the property, the motion of the plaintiffs in the later action to dismiss the earlier will be overruled.
The court will not, however, grant the motion of plaintiffs in the earlier action for a dismissal of the later, but will hold said motion in abeyance pending the conclusion of the proceedings in the earlier one.
•Entries may be made.accordingly and upon proper application by plaintiffs in case’125558 a new order of sale may issue.